UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTUMSCAPE SECURITIES CLASS ACTION LITIGATION | Case No. 3:21-cv-00058-WHO <br><br> **ORDER RELATING AND CONSOLIDATING CASES, DENYING MOTION TO MODIFY THE CASE SCHEDULE AND RECONSIDER LEAD PLAINTIFF APPOINTMENT** <br><br> Re: Dkt. Nos. 122, 123 |
| BALA MULLUR, <br><br>          Plaintiff, <br><br>     v. <br><br> QUANTUMSCAPE CORPORATION F/K/A KENSINGTON CAPITAL AQUISITION CORP., et al., <br><br>          Defendants. | Case No. 3:21-cv-03309-JD |

Several weeks ago, after a contested process, I appointed Frank Fish lead plaintiff in this proposed securities class action. Now, one of the unsuccessful movants, Bala Mullur, has filed a separate suit that he argues is different from that case in only one way: it alleges a longer class period to include another drop in stock price. Based on this, Mullur moves to postpone the case schedule to revisit the lead plaintiff appointment process. I will RELATE his suit to and CONSOLIDATE it with the existing consolidated case on the same terms as the previous cases were. His motion to revisit the appointment process is DENIED.

I.   **Relation**

Mullur moves to relate the above-captioned actions, the defendants agree that they are

related, and no party opposes relation. The cases are related within the meaning of Civil Local Rule 3-12(a). Pursuant to Rule 3-12(f)(3), the Clerk of Court is ordered to reassign the later-filed action (*Mullur v. QuantumScape Corporation*, *et al.*, 3:21-cv-03309) to me.

## II. Consolidation

Once the case is related, I order that it be consolidated with the existing consolidated action. *See Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2015 WL 3749784, at *2–*3 (N.D. Cal. June 15, 2015) (consolidating later-filed complaint with existing securities case). As Mullur essentially argues, the cases share many "common question[s] of law or fact," making consolidation appropriate. Fed. R. Civ. P. 42(a); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (contemplating consolidation of securities class actions). The differences in class periods do not prevent consolidation. *See Ali v. Intel Corp.*, No. 18-CV-00507-YGR, 2018 WL 2412111, at *2 & n.4 (N.D. Cal. May 29, 2018) (collecting cases). Fish, as a fiduciary of the class, should give due consideration to the longer class period in Mullur's complaint when filing his amended complaint. The cases are consolidated on the same terms as the cases consolidated in the Prior Order: *In re QuantumScape Securities Class Action* shall be treated as the main docket. For the reasons explained below, Fish will remain lead plaintiff.[1]

## III. Revisiting the Lead Plaintiff Appointment

On April 20, 2021, I appointed Fish as lead plaintiff in this proposed securities class action (the "Original Case") under the Private Securities Litigation Reform Act ("PSLRA"). *See* Order Consolidating Cases, Appointing Lead Plaintiff and Counsel ("Prior Order") [Dkt. No. 115].[2] This Order assumes familiarity with the Prior Order. On May 4, 2021, Bala Mullur filed a proposed class action (the "Mullur Case") against the same defendant corporation (and others) under the same cause of action based on the same or highly related alleged misrepresentations. 3309 Dkt. No. 1. Mullur previously moved to be lead plaintiff in the Original Case. The only

---

[1] Because Mullur has not weighed in on the issue, if he believes that the cases should not be consolidated, he should move for leave to file a motion to reconsider.

[2] References to the docket are to the first-captioned case, *In re QuantumScape Securities Class Action Litigation*, unless otherwise noted. References to the other docket begin "3309."

1  difference that any party identifies as relevant between the Muller Case and the Original Case is
2  the class period. The class periods in the complaints consolidated into the Original Case were, at
3  their longest (they varied by a few days), November 27, 2020, to December 31, 2020. *See* Prior
4  Order 4 n.2. The class period in the Mullur Case is November 27, 2020, to April 14, 2021. *See*
5  3309 Dkt. No. 1 ¶ 1. The reason, says Mullur, is that a report was published on April 15 (after I
6  held the hearing on appointment) that "substantiated and expanded on" the claims that, the
7  Original Case alleges, caused the stock price to drop when they revealed alleged
8  misrepresentations by the defendants. *See* Bala Mullur's Administrative Motion to Consider
9  Whether Cases Should Be Related ("Relate Mot.") [Dkt. No. 122] 1.

10  Mullur now moves for a modification to the case schedule "to provide the Court an
11  opportunity to determine whether the lead plaintiff process should be revisited, and the current
12  case schedule correspondingly revised." Bala Mullur's Administrative Motion Requesting
13  Modification of Schedule Pending the Court's Review of Lead Plaintiff Process ("Recon. Mot.")
14  [Dkt. No. 123]. Fish opposes revisiting the lead plaintiff process (or altering the schedule). *See*
15  Opposition to the Recon. Mot. ("Oppo.") [Dkt. No. 127].

16  Courts are in accord that the lead plaintiff process can be reopened if there is a new
17  complaint, amended complaint, or proposed complaint. *See In re Cloudera, Inc. Sec. Litig.*, No.
18  19-CV-03221-LHK, 2020 WL 1288362, at *2 (N.D. Cal. Mar. 18, 2020) (collecting cases). But
19  reopening the process is "disfavored" and not every change to a case warrants it. *See, e.g.*, *id.*;
20  *Waldman v. Wachovia Corp.*, 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009). Courts instead
21  ask whether the "contours of the lawsuit" are so changed as to require reopening. *See, e.g.*, *In re*
22  *Leapfrog Enterprises, Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *3 (N.D. Cal.
23  July 5, 2005). The fundamental inquiry is whether the change to the suit is "minor" (not requiring
24  reopening) or "substantial" (requiring it). *Id.*, at *2; *Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F.
25  Supp. 2d 366, 367 (S.D.N.Y. 2013). Or, framed differently, courts ask whether the suit is changed
26  in such a way as potentially meritorious lead plaintiffs would have "disregarded" the original
27  notice but not a new notice. *See, e.g.*, *Cloudera*, 2020 WL 1288362, at *2.

28  As a result, courts will generally revisit the process when the change fits into several

categories. The first is when new, meaningfully different misrepresentations are alleged; when that is so, the core of the lawsuit changes and some who were allegedly mislead by the new misrepresentations are likely to have disregarded the initial notice. *See, e.g.*, *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2019 WL 1472358, at *1–*2 (N.D. Cal. Apr. 3, 2019) (finding the new complaint "focuse[d] on an entirely different factual scenario and set of misrepresentations"); *Hachem v. Gen. Elec. Inc.*, 2018 WL 1779345, at *2 (S.D.N.Y. Apr. 12, 2018) (finding the new complaint added "substantial allegations" about an entirely new set of facts); *Leapfrog*, 2005 WL 5327775, at *3 (same). The other change that often warrants revisiting the process is when the identity of the class members will be meaningfully changed; in that case, prospective lead plaintiffs may not have even known they were in the previous proposed class. *See, e.g.*, *Kipling*, 2019 WL 1472358, at *1–*2 (adding exchange-trade options, not just ordinary shares); *Kaplan*, 947 F. Supp. 2d at 367 (adding all investors, not just buyers). These changes are often accompanied by significant changes to the class periods and courts' decisions are often based on cumulative changes in multiple factors. *See, e.g.*, *Kipling*, 2019 WL 1472358, at *1–*2 (adding eight months); *Hachem*, 2018 WL 1779345, at *2 (changing from five months to three years); *Kaplan*, 947 F. Supp. 2d at 367 (changing from eight days to two years); *Leapfrog*, 2005 WL 5327775, at *3 (changing from six to fifteen months).

At the other end of the spectrum, courts have held that "[i]n general, republication is not required where a complaint [only] expands the class period." *Thomas*, 2015 WL 3749784, at *4 (collecting cases). In *Thomas*, the change was that "the class period length has expanded, additional Defendants have been added, and the [new plaintiff] seeks to pursue Securities Act claims in addition to Exchange Act claims." 2015 WL 3749784, at *4. In *In re Int'l Rectifier Corp. Sec. Litig.*, the amended complaint extended the 17-month class period by 32 months. 2008 WL 4555794, at *23 (C.D. Cal. May 23, 2008). Both declined to revisit the appointment.

The difference between the Muller Case and the Original Case falls within the second category and does not warrant revisiting the process. That difference, again, is just an expansion of the class period. Mullur would expand it from roughly a month at the end of 2020 to roughly four-and-a-half months for the sole purpose of encompassing another drop in stock price allegedly

4

1    caused by a report "substantiating and expounding on" the disclosures that allegedly caused the
2    larger previous drop. That does not change the center of gravity of the suit and does not leave
3    potentially meritorious lead plaintiffs without notice. Courts have denied revisiting the process
4    when the changes were more drastic—and of multiple types—than here. *See, e.g.*, *Thomas*, 2015
5    WL 3749784, at *4. Here, too, there are no new misrepresentations or a different class of
6    plaintiffs. While Mullur's complaint alleges an additional *disclosure* of alleged wrongful conduct,
7    it does not allege any other *misrepresentations* that he has pointed to in his briefing. As he says,
8    "[b]oth actions bring claims against similar Defendants, stemming from the same events namely,
9    QuantumScape's alleged material misrepresentations overstating the performance and prospects of
10   the Company's purported solid-state batteries" and "involve the same putative class of investors."
11   Relate Mot. 1, 3.

12   The most similar cases Mullur can point to are *Leapfrog* and *Sayce v. Forescout Techs.,*
13   *Inc*. Recon. Mot. 3–4. But those courts did not reopen the process solely because the class period
14   was extended; they did so also because of entirely new sets of factual allegations about
15   misrepresentations. 2005 WL 5327775, at *3; No. 20-CV-00076-SI, 2020 WL 4207444, at *5
16   (N.D. Cal. July 22, 2020).

17   Mullur also relies on *Union Asset Mgmt. Holding AG v. Sandisk Corp.*, No. 15-CV-01455-
18   VC, 2016 WL 406283, at *1 (N.D. Cal. Jan. 22, 2016), but that case involved a situation quite
19   different from this. There, the court "invite[d] any interested plaintiff to file a motion to
20   reconsider" the lead plaintiff appointment. *Id.*, at *5. It explained that the early prospective lead
21   plaintiffs used October 16, 2014, as the beginning date and that "the Court accepted that earlier
22   date after taking a quick look at the complaint." *Id.* But the amended complaint—a complaint
23   that court dismissed with leave to amend in that order—used a date of April 16, 2014. The court
24   then took a "hard look [at the complaint] . . . in response to the motion to dismiss" and concluded
25   that this class period was "artificially long." *Id*. The court was concerned that the lead plaintiffs
26   had "manipulate[d] their proposed class period in an effort to establish themselves as the
27   presumptive lead plaintiff, where they would not be the largest stakeholder if a shorter, more
28   realistic class period were used." *Id*. The allegations for the longer period, the court said,

5

appeared to be "frivolous." *Id.* This case has none of these features.

My decision in *In re Nutanix, Inc. Sec. Litig.*, No. 19-CV-01651-WHO, 2021 WL 783579 (N.D. Cal. Mar. 1, 2021), on which Mullur relies on, is not to the contrary. There, I permitted the lead plaintiff to withdraw. *Id.*, at *1. Then, because the suit had no lead plaintiff, I reopened the appointment process. *Id.*, at *2. As the PSLRA was "silent" on the procedure for doing so, I exercised my discretion and did not restrict the process to the original group of applicants. *Id.* The reason, I explained, was that "the relevant class period has changed since the original lead plaintiff applications were filed," so the "largest financial interest calculus" may be altered. *Id.* (internal quotation marks omitted). Mullur relies on these statements to argue that the process should be revisited for the same reason: the longer class period means he may now have a bigger financial interest than Fish—or, at least, that some lead plaintiff might. *See* Recon. Mot. 3–4.

*Nutanix* concerned the unusual situation in which there is no lead plaintiff. When a run-of-the-mill change to a case is offered, however, the PSLRA's strong interest in efficiency and stability in the lead plaintiff process are undermined by reopening the process unless the complaint is changed significantly enough to overcome those interests. *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005) ("In cases encompassing the same claims and securities, but somewhat different class periods, courts have generally found that the efficiency cost of [revisiting the lead plaintiff process] outweighs the marginal fairness gains of notifying class members of an extended class period."). Those same interests are not at stake in the same way when the lead plaintiff is *removed* because the appointment-process will have to be reopened no matter what. Here, where the new suit is not sufficiently different from the old one, efficiency and stability in the lead plaintiff process counsel against revisiting the lead plaintiff appointment.

**IT IS SO ORDERED.**

Dated: May 18, 2021

William H. Orrick
United States District Judge